UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN EAKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 5:16-972 |
| | ) |
| UNITED STATES | ) |
| DEPARTMENT OF DEFENSE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This Freedom of Information Act (FOIA) case stands out for three reasons. First, its scope: pro se plaintiff John Eakin requests 4.2 terabytes (over 300 million pages) of records concerning deceased World War II soldiers and the National Archives's handling of their personnel files. Second, its length: it's already three years old, and the government needs two more years to manually check each page for information protected from disclosure. Third, its jurisdiction: according to PACER, of the 466 FOIA cases filed in 2016, only eight arose in the Western District of Texas (compared to, for instance, 252 in the District for the District of Columbia), a snapshot helping to explain the relative dearth of controlling Fifth Circuit caselaw.

In August 2017, the Court allowed the government until February 2021 to produce all non-exempt responsive records, following a route the D.C. Circuit suggested in *Open America v. Watergate Special Prosecution Force*:

> [W]hen an agency . . . is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests . . . and when the agency can show that it is exercising due diligence in processing the requests[,] . . . the court

may retain jurisdiction and allow the agency additional time to complete its review of the records.

547 F.2d 605, 616 (D.C. Cir. 1976) (internal quotation marks omitted). But in the interim, the Court ordered the government to produce any responsive records it had already cleared for release with a corresponding *Vaughn* index within ninety days, and to produce rolling productions every six months thereafter.

In the meantime, Eakin asks the Court to referee three disagreements.[1] First, Eakin claims the government flouted the Court's order by re-reviewing—and not immediately producing—responsive records already released to other FOIA requesters or subject to public electronic inspection per § 552(a)(2). Second, Eakin seeks to force the government to produce records as searchable portable document files (PDF). Third, Eakin doubly disputes the adequacy of the government's *Vaughn* indices. For one, he argues the government improperly deemed certain documents nonresponsive. And he further objects to the government's redaction of personally identifiable information under § 552(b)(6)–(7): To the extent the government redacts information about "deceased military personnel," he argues they "hav[e] no right to privacy because they are deceased." Pl.'s Mot. ¶ 14, ECF No. 31. And to the extent the government redacts information about prior FOIA requesters, he argues they have "no expectation of privacy." Pl.'s Mot. ¶ 15.

As to the first issue, the Court offers the following clarification: The government can vet any never-before-released responsive records for exempt material before giving them to Eakin. The government can also reprocess any previously-released records if the government has no record of the results of the previous review—i.e., if the government doesn't know whether there

---

[1] The Court only considers arguments Eakin raises in his original motion, since "[a]rguments raised for the first time in a reply brief, even by pro se litigants . . . are waived." *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005).

was any exempt material, or if the government didn't maintain the document in redacted form. But if the government has any responsive records that it knows have been already reviewed and appropriately redacted, the government cannot drag its feet by rehashing their review and redaction in this litigation. Put differently, the government must produce any documents ready for release, whether they were processed for this case, for another FOIA requester, or for inclusion in the Defense Department's reading room under § 552(a).

On the second issue, the Court will compel the government to release all future productions as searchable PDFs. After all, an agency must "provide the [requested] record[s] in any form or format requested by the [FOIA requester] if the record is readily reproducible by the agency in that form or format." § 552(a)(3)(B). True enough, just because a record can be provided in a particular format does not necessarily mean it is "readily reproducible" in that format. But as other courts have held, "[w]hen an agency already creates or converts documents in a certain format—be it for FOIA requestors, under a contract, or in the ordinary course of business—requiring that it provide documents in that format to others does not impose an unnecessarily harsh burden, absent specific, compelling evidence as to significant interference or burden." *TPS, Inc. v. U.S. Dep't of Defense*, 330 F.3d 1191, 1195 (9th Cir. 2003); *see also Scudder v. Cent. Intelligence Agency*, 25 F. Supp. 3d 19, 32 (D.D.C. 2014). So too here, where the government does not show a significant burden, and Eakin cites evidence showing the government maintains at least some of these records as searchable PDFs. *See* Pl.'s Mot. ex. 2 at 11 (requiring personnel records converted into electronic format to be "run through optical character recognition software to ensure they are machine readable to the maximum extent possible"). Although the Court will not require the government to reformat records already turned over, *see Crooker v. U.S. State Dep't*, 628 F.2d 9, 11 (D.C. Cir. 1980) ("Where the

3

records have already been furnished, it is . . . a dissipation of agency and court resources to make and process a second claim."); *see also* Pl.'s Mot. ¶ 9 (admitting Eakin can and has reformatted already-produced records into searchable PDFs), the Court will require the government to provide all future productions in searchable-PDF form.

Finally, the Court cannot yet assess Eakin's objections to the government's *Vaughn* indices. A *Vaughn* index forces the government to justify any document withholding or redaction with "relatively detailed analysis in manageable segments," rather than "conclusory and generalized allegations of exemptions." *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973). Of course, FOIA requesters may challenge those justifications' adequacy. But ordinarily, requesters must do so through a summary judgment motion once all documents have been processed—not halfway through a piecemeal production schedule leaving courts unable to judge the government's production in toto. *See Ruotolo v. Dep't of Justice*, 53 F.3d 4, 9 (2d Cir. 1995). So in the ordinary case, Eakin's objections would be premature, and the Court would dismiss them without prejudice.

Yet that paradigm poorly fits the *Open America* context, where delaying judicial determination threatens to upend years of government man-hours and to prolong any wrongful nondisclosure. Thus—given the uniqueness of this posture—the Court is willing to consider Eakin's *Vaughn* index objections even though production remains ongoing, in order to (if necessary) prevent the government from traveling too far down a wrong road. But the proper vehicle to do so remains a motion for partial summary judgment teeing-up the specific legal question with a *Vaughn* index that samples withholdings or redactions representative of Eakin's broader challenges. So to the extent Eakin wishes to challenge the government's *Vaughn* indices,

the Court will order the parties to meet and confer to agree on a briefing schedule and to compile a sample *Vaughn* index enabling the Court to resolve the precise legal questions at issue.

To review: The Court affirms the government's obligation to produce any documents ready for release, whether they were processed for this case, for another FOIA requester, or for inclusion in the Defense Department's reading room. And the Court requires the government to produce documents as searchable PDFs going forward. In addition, the Court invites Eakin to challenge to the government's *Vaughn* indices via a motion for partial summary judgment with a corresponding composite *Vaughn* index. So Eakin's motion for clarification and to compel will be granted-in-part and denied-in-part. A separate order follows.

June 5, 2019

Royce C. Lamberth
United States District Judge