# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN EAKIN, | § |
| *Plaintiff*, | § § § |
| v. | §  Case No. SA-16-cv-972-RCL |
| UNITED STATES DEPARTMENT OF DEFENSE, | § § § § |
| *Defendant*. | § § § |

## MEMORANDUM OPINION

Plaintiff John Eakin has filed a *pro se* Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56(c). ECF No. 46. The United States Department of Defense opposes this motion. ECF No. 48. Upon consideration of the motion, opposition, reply (ECF No. 49), and sur-reply (ECF No. 52), the Court will deny Mr. Eakin's Motion for Partial Summary Judgment.

## BACKGROUND

In 2010, Mr. Eakin brought a Freedom of Information Act ("FOIA") action to obtain documents pertaining to those who served in World War II but whose remains were never properly identified and returned to their families. At issue in this case are the approximately 480,000 files known as Individual Deceased Personnel files ("IDPFs") of World War II American Servicemembers that have been or are expected to be digitally scanned as computer files. Mr. Eakin's May 10, 2016 FOIA request sought the following:

> Electronic (digital) copies of all World War II era Individual
> Deceased Personnel Files (IDPFs) a/k/a/ 293 files and/or "X-files"

1

> which exist in any digital or electronic format. Included in this request are any indices, data dictionaries, databases or other documents necessary to properly access the requested IDPF documents.

On May 13, 2016, the Defense Department notified him that this request was received but that it would be unable to respond within the twenty-day statutory time period. He appealed this decision on May 16, 2016. Mr. Eakin also filed a FOIA request on May 11, 2016, seeking the following:

> 1. All contracts, contract amendments/modifications, and similar documents pertaining to contracts for digital scanning of U.S. Army Individual Deceased Personnel Files (IDPFs) previously stored at National Archives and Records Administration (NARA) and which were funded by the Defense Personnel Accounting Agency (f/k/a Defense POW/MIA Accounting Office).
>
> 2. All documents which identify users/agencies having electronic access to the above described digitally scanned Individual Deceased Personnel Files (IDPFs).

On May 23, 2016, the Defense Department notified Mr. Eakin that this request was received but that it would be unable to respond within the twenty-day statutory time period. On May 23, 2016, he appealed that decision. On September 30, 2016, Mr. Eakin initiated this lawsuit against the Defense Department.

Prior to Mr. Eakin's May of 2016 FOIA requests, U.S. Army Contracting Command had entered into a contract with Lockheed Martin Integrated Systems, Inc. to scan some of the IDPFs at issue into digital files. At the time of Mr. Eakin's FOIA requests, Lockheed Martin had already digitized approximately 290,000 IDPFs, including the IDPFs for deceased U.S. Military Personnel whose last names begin with the letters A through L. *See* ECF No. 48 at 3. In September of 2017, the U.S. Department of Health and Human Services entered into a contract with Na Ali'i Consulting & Sales, LLC to digitize the hundreds of thousands of remaining IDPFs, including the IDPFs for deceased U.S. Military Personnel whose last names begin with

the letters M through Z. *See id.* at 4. These digitized M-L IDPFs, however, did not exist in May of 2016 when Mr. Eakin made his FOIA requests, as the contract for the M-Z IDPFs was not even in effect at that time.

Since the Court's August 2, 2017 Order, the Defense Department has produced numerous redacted files for service personnel with last names beginning with A and B as well as some beginning with C. The Defense Department, however, claims that some of the documents (identified in the twelve-page Vaughn Index provided to Mr. Eakin on January 12, 2018) are either non-responsive embedded requests or are exempt from production under statutory exemption 6. Mr. Eakin challenges the validity of the Defense Department's decision to withhold or redact these documents and asks this Court to order the Defense Department to turn over those files. Additionally, he asks for an order requiring the Defense Department to complete its review of the digitized files currently in its possession within thirty days. Finally, he asks for an order requiring production of documents digitized after his May of 2016 FOIA request, which the Defense Department argues that the Court does not have authority to do at this time. For the reasons explained below, the Court will deny his Motion for Partial Summary Judgment in its entirety.

## **LEGAL STANDARD**

Under Fed. R. Civ. P. 56, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact" and that he "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of proving the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the

opposing party submits his or her own affidavits or declarations of documentary evidence that contradict those of the moving party. Although agency decisions are generally entitled to a great deal of deference, an agency's actions with respect to FOIA requests are reviewed *de novo*. 5 U.S.C. § 552(a)(4)(B).

If a plaintiff has not exhausted all administrative remedies, the Court may not review the agency's decision. Failure to exhaust all administrative remedies is thus a jurisdictional bar to review. A plaintiff may, however, constructively exhaust his administrative remedies under FOIA, giving the Court subject-matter jurisdiction over a plaintiff's claim "upon the expiration of certain relevant FOIA deadlines." *Nurse v. Sec'y of the Air Force*, 231 F. Supp. 2d 323, 328 (D.D.C. 2002); 5 U.S.C. § 552(a)(6)(C). Therefore, the Court has subject-matter jurisdiction over any claim that has been actually or constructively exhausted at the agency level.

## ANALYSIS

As explained below, the Defense Department need not produce files that are non-responsive. Additionally, the Defense Department can redact embedded files under exemption 6. Furthermore, the Court does not have subject-matter jurisdiction over Mr. Eakin's request for digitized files created after his May of 2016 FOIA request. Therefore, the Court will deny plaintiff's Motion for Partial Summary Judgment.

**I. The Defense Department is Not Required to Produce Documents that are Non-Responsive or Portions of Documents that Meet the Parameters of Statutory Exemption 6.**

The Defense Department argues that some documents are non-responsive and that some documents or portions of documents are exempt from disclosure. After reviewing these arguments, the Court has determined that the Defense Department need not produce this information.

4

A. FOIA Permits the Defense Department to Label Embedded Requests as "Non-Responsive."

The Defense Department claims that FOIA requests for the IDPFs made by other persons or organizations are non-responsive. Mr. Eakin asserts that the Defense Department cannot label such requests as non-responsive, citing *Am. Immigration Lawyers Ass'n (AILA) v. Exec. Office for Immigration Review* for the proposition that FOIA "does not provide for . . . redacting non-exempt information within responsive records." 830 F.3d 667, 677 (D.C. Cir. 2016). Essentially, "once an agency identifies a record it deems responsive to a FOIA request, the statute compels disclosure of the responsive record—i.e., as a unit—except insofar as the agency may redact information falling within a statutory exemption." *Id.* at 677. The applicability of that ruling to this case, however, hinges upon the definition of a "record." Mr. Eakin argues that the entirety of the IDPFs (including embedded FOIA requests) constitutes one responsive record and thus the Defense Department cannot withhold certain portions of it as as non-responsive. He maintains that a responsive record must be disclosed in its entirety unless a FOIA exemption applies. The Defense Department, however, takes a narrower view of the word "record." The Defense Department accurately points out that in *AILA*, the agency deemed a certain email message to be responsive but then attempted to redact certain portions of that email message as non-responsive. *See id.* at 672. What the agency did in *AILA* with respect to the email chain is much different than the Defense Department's decision to withhold specific non-responsive IDPFs in their entirety.

Quite simply, Mr. Eakin's view of *AILA's* applicability is flawed, as the facts of that case are in stark contrast to the facts of this case. To say that thousands of IDPFs are analogous to one email chain stretches the bounds of rationality. Unlike in *AILA* where the agency "went down to the level of an individual sentence within a paragraph within an e-mail message" and redacted

5

that individual sentence as non-responsive, the Defense Department is not attempting to conduct a sentence-by-sentence review of each IDPF's responsiveness. *Id.* at 679. The Court therefore finds Mr. Eakin's arguments regarding responsiveness to be uncompelling, and the Defense Department may label individual files as non-responsive.

### B. The Defense Department Has Properly Invoked FOIA Exemption 6.

FOIA exemption 6 allows the government to redact or withhold information that would invade another person's privacy if disclosed. *See* 5 U.S.C. § 552(b)(6). Mr. Eakin claims that the Defense Department may not utilize FOIA exemption 6 because the embedded files contain information regarding deceased individuals who have no right to privacy. It is true that "the privacy interest in nondisclosure of identifying information may be diminished where the individual is deceased," *Schrecker v. United States Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003), but the Defense Department has represented to this Court that it only used exemption 6 "to protect the privacy interests of living individuals." ECF No. 52 at 2. Although the IDPFs by their very nature contain a great deal of information about deceased persons, that does not mean there is nothing within those documents pertaining to living persons, which the Defense Department is entitled to redact.

Mr. Eakin is also mistaken about the Defense Department's ability to redact personally identifying information ("PII"). He claims that "PII is not exempt from disclosure under FOIA." ECF No. 49 at 2. Mr. Eakin's characterization of PII is extremely inaccurate. Although the presence of PII does not *automatically* warrant a redaction, it does signal to the agency that careful review of the information is necessary, as PII does often require redaction. Additionally, even if there is certain information about living persons that the Defense Department improperly redacted, Mr. Eakin has failed to identify any specific documents that he thinks contain such

6

improper redactions. Without some semblance of specificity about what documents contain improper redactions, the Court would be blindly ordering the Defense Department to turn over information that could compromise the privacy interests of living individuals. Therefore, the Court cannot conclude that the Defense Department's redactions pursuant to exemption 6 were improper.

### C. The Defense Department is Entitled to Continue Manually Reviewing the Remaining IDPFs for Responsiveness and Exemptions.

Mr. Eakin says that he has only received digitized IDPFs A-B and some Cs and requests that the Defense Department be required to complete its review of the remaining digitized files within thirty days. This request is simply not feasible. Although the files are searchable, the digital system is not perfect, and the Defense Department is entitled to manually review the documents for responsiveness and any applicable FOIA exemptions. It is unfortunate that this endeavor has taken more time than anticipated, but absent evidence that the Defense Department is intentionally stalling or moving at an unreasonable pace, the Court will not interfere with its review. Mr. Eakin may find the government's process to be slow and unnecessary, but he requested hundreds of thousands of decades-old documents, so some measure of patience is required.

Although the Court will not order the Defense Department to complete its review of all remaining A-L IDPFs within thirty days, the Court will order both parties to submit a Joint Status Report within thirty days of this date detailing the status of the remaining A-L IDPFs that the Defense Department has yet to release. The Court will continue to monitor the status of the Defense Department's compliance with its August 2, 2017 Order, thereby preventing the Defense Department from stalling unnecessarily and ensuring that the A-L records are turned over as quickly as possible while still allowing the agency adequate time to review the records.

## II. The Court Lacks Subject-Matter Jurisdiction over Plaintiff's Request for Files Created After his May of 2016 FOIA Request Because Mr. Eakin Failed to Exhaust his Administrative Remedies.

As the U.S. Supreme Court held in *United States Dep't of Justice v. Tax Analysts*, an agency need not produce requested materials that were not in the agency's control "at the time the FOIA request [was] made." 492 U.S. 136, 145 (1989). In this case, Mr. Eakin requested "[e]lectronic (digital) copies of all World War II era Individual Deceased Personnel Files (IDPF's) a/k/a 293 files and/or 'X-files' which exist in any digital or electronic format" on May 10, 2016. At the time of his request, only the A-L IDPFs had been scanned, and the M-Z IDPFs had yet to be scanned into any digital or electronic formal. In fact, it was not until over a year after he made his FOIA request that the government even entered into a contract to digitize the M-Z IDPFs. Therefore, the digitized M-Z files could not have been in the Defense Department's "control" under *Tax Analysts* at the time of Mr. Eakin's request, as these digitized files did not yet exist. Although the underlying documents clearly existed in May of 2016, Mr. Eakin did not request the underlying documents—he specifically requested the digital or electronic scans. Therefore, Mr. Eakin will need to make a new FOIA request for the digitized M-Z IDPFs. Absent a new FOIA request, this Court is without power to order the Defense Department to produce the digitized M-Z files. Quite simply, federal courts may not review agencies' decisions regarding FOIA requests if plaintiffs have not exhausted their administrative remedies, which in this case requires Mr. Eakin to make a formal FOIA request for the remaining digitized documents.

In ruling that there is no subject-matter jurisdiction over the request for documents that the Defense Department did not have in May of 2016, the Court is not saying that Mr. Eakin's arguments regarding judicial economy are invalid—to the contrary, Mr. Eakin is correct that the

Defense Department could save time and resources for both itself and the courts if it treated Mr. Eakin's prior FOIA request as a request for all of the digitized documents. Unfortunately, however, the pursuit of judicial economy does not satisfy the Constitution's requirement that the Court have subject-matter jurisdiction before resolving a dispute. The Court therefore has no choice but to deny Mr. Eakin's request for the digitized M-Z IDPFs.

## **CONCLUSION**

Based on the foregoing, the Court will **DENY** plaintiff's Motion for Partial Summary Judgment (ECF No. 46).

It will be **ORDERED** that plaintiff's request for an order prohibiting defendant from redaction of non-exempt embedded documents is **DENIED**.

It will be further **ORDERED** that plaintiff's request for an order directing defendant to complete any further review of the requested files within thirty (30) days is **DENIED**.

It will be further **ORDERED** that plaintiff's request for an order directing defendant to produce at approximate six-month intervals all subsequently digitized WWII era Individual Deceased Personnel Files until all such files have been produced to plaintiff is **DENIED**.

It will be further **ORDERED** that within thirty (30) days of this date, plaintiff and defendant shall submit a Joint Status Report regarding the release of the remaining A-L Individual Deceased Personnel Files so that the Court may monitor the Defense Department's compliance with its August 2, 2017 Order.

A separate Order accompanies this Memorandum Opinion.

Date: 12/17/19

Royce C. Lamberth
United States District Court Judge