## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN EAKIN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. SA-16-cv-972-RCL |
| | § | |
| UNITED STATES DEPARTMENT | § | |
| OF DEFENSE, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## MEMORANDUM OPINION

*Pro se* plaintiff John Eakin seeks the Court's leave to amend his Complaint to include an additional December 18, 2019 Freedom of Information Act ("FOIA") request. ECF No. 58. The U.S. Department of Defense opposes his motion. ECF No. 61. Upon consideration of the motion, opposition, and all arguments therein, the Court will **GRANT** Mr. Eakin's motion.

## BACKGROUND

In 2010, Mr. Eakin initiated a FOIA request to obtain documents pertaining to those who served in World War II but whose remains were never properly identified and returned to their families. At issue in this case are the approximately 480,000 files known as Individual Deceased Personnel files ("IDPFs") of World War II American Servicemembers that have been or are expected to be digitally scanned as computer files. Mr. Eakin's May 10, 2016 FOIA request sought the following:

> Electronic (digital) copies of all World War II era Individual Deceased Personnel Files (IDPFs) a/k/a/ 293 files and/or "X-files" which exist in any digital or electronic format. Included in this request are any indices, data dictionaries, databases or other

documents necessary to properly access the requested IDPF documents.

On May 13, 2016, the Defense Department notified him that this request was received but that it would be unable to respond within the twenty-day statutory time period. He appealed this decision on May 16, 2016. Mr. Eakin also filed a FOIA request on May 11, 2016, seeking the following:

> 1. All contracts, contract amendments/modifications, and similar documents pertaining to contracts for digital scanning of U.S. Army Individual Deceased Personnel Files (IDPFs) previously stored at National Archives and Records Administration (NARA) and which were funded by the Defense Personnel Accounting Agency (f/k/a Defense POW/MIA Accounting Office).

> 2. All documents which identify users/agencies having electronic access to the above described digitally scanned Individual Deceased Personnel Files (IDPFs).

On May 23, 2016, the Defense Department notified Mr. Eakin that this request was received but that it would be unable to respond within the twenty-day statutory time period. On May 23, 2016, he appealed that decision. On September 30, 2016, Mr. Eakin initiated this lawsuit against the Defense Department.

Prior to Mr. Eakin's May of 2016 FOIA requests, U.S. Army Contracting Command had entered into a contract with Lockheed Martin Integrated Systems, Inc. to scan some of the IDPFs at issue into digital files. At the time of Mr. Eakin's FOIA requests, Lockheed Martin had already digitized approximately 290,000 IDPFs, including the IDPFs for deceased U.S. Military Personnel whose last names begin with the letters A through L. *See* ECF No. 48 at 3. In September of 2017, the U.S. Department of Health and Human Services entered into a contract with Na Ali'i Consulting & Sales, LLC to digitize the hundreds of thousands of remaining IDPFs, including the IDPFs for deceased U.S. Military Personnel whose last names begin with the letters M through Z. *See id.* at 4. These digitized M-Z IDPFs, however, did not exist in May

of 2016 when Mr. Eakin made his FOIA requests, as the contract for the M-Z IDPFs was not even in effect at that time.

On December 17, 2019, this Court denied Mr. Eakin's Motion for Partial Summary Judgment. *See generally* ECF No. 54. In the Memorandum Opinion accompanying that Order, the Court held that it had no subject-matter jurisdiction over Mr. Eakin's request for any files created after his May of 2016 FOIA request, meaning that the Court specifically lacked jurisdiction over any digitized M-Z files. ECF No. 53 at 8-9. The day after the Court issued that ruling, Mr. Eakin filed an updated FOIA request covering any M-Z files that had been digitized up to that point. ECF No. 58 at 2. The Defense Department responded that it would "not be able to respond within the FOIA's 20-day statutory time period as there are unusual circumstances which impact our ability to quickly process your request." *Id.* The Defense Department does not dispute that this response constitutes constructive exhaustion of his administrative remedies, *see generally* ECF No. 61, and such constructive exhaustion gives the Court the subject-matter jurisdiction that it previously lacked. The Defense Department does, however, contend that Mr. Eakin is not entitled to amend his Complaint to include the digitized M-Z files.

## LEGAL STANDARD

The parties disagree over the appropriate standard by which the Court should analyze Mr. Eakin's motion. Mr. Eakin argues that Federal Rule of Civil Procedure ("Rule") 15(a)(2) applies. Rule 15(a)(2) states that "[t]he court should freely grant leave" to amend a complaint "when justice so requires." The Fifth Circuit has made clear that there is a "presumption in favor of granting parties leave to amend," *Mayeaux v. Louisiana Health Service and Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004), requiring that district courts grant motions to amend "unless there is

substantial reason" not to do so. *Lefall v. Dallas Indep. School Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). Substantial reason for denying such a motion may include undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, futility, etc. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Defense Department, however, argues that because the scheduling order deadline covering amended pleadings has passed, Rule 16(b)(4) applies instead. *See* ECF No. 15 (setting the deadline to amend the pleadings for December 30, 2016). Under Rule 16, the Court may only modify the deadline set in the scheduling order "for good cause." Fed. R. Civ. P. 16(b)(4). The Court agrees with the Defense Department that because the deadline for amending the pleadings passed over three years before Mr. Eakin filed his motion to amend, Rule 16's "good cause" standard—rather than the more liberal Rule 15 standard—applies.

## ANALYSIS

The Court finds good cause for amending the pleadings under Rule 16. As the Court has made clear numerous times throughout this litigation, "the Defense Department could save time and resources for both itself and the courts if it treated Mr. Eakin's [May of 2016] FOIA request as a request for all of the digitized documents." ECF No. 53 at 8-9. The Defense Department has undoubtedly been aware since Mr. Eakin made his initial FOIA request that he would eventually seek all of the digitized files. The Defense Department thus cannot seriously argue that it will be prejudiced by the Court's decision to grant leave to amend the pleadings. As Mr. Eakin aptly points out, "The additional files are virtually identical to those that are the subject of this case. The additional files contain no new or unique features not found in the current files and it is anticipated that no new issues will be presented to the Court." ECF No. 58 at 4.

The cases that the Defense Department cites in support of its argument against granting the motion are readily distinguishable from this case. For example, in *Borda v. DOJ*, the Court found that the plaintiff engaged in undue delay, as there was no reason why he could not have included the additional FOIA requests in his initial Complaint. 306 F. Supp. 3d 306, 314 (D.D.C. 2018). Here, however, none of the M-Z files had been digitized before the December 30, 2016 pleading amendment deadline (and many are still in the process of being digitized), so Mr. Eakin could not have requested any M-Z files that were not digitized at the time of his initial request, nor can he presently request any M-Z files that have not yet been digitized. The Court therefore finds no undue delay on Mr. Eakin's part.[1] The Defense Department also cites *Hostingxtreme Ventures, LLC v. Bespoke Grp., LLC*, a breach of contract suit wherein the Court had already granted summary judgment for the defense on all but one claim; in that scenario, allowing the plaintiff to amend the language in the Complaint to try to save one of its claims would have required the parties to submit entirely new summary judgment motions that it would not otherwise have to write. *Hostingxtreme Ventures, LLC v. Bespoke Grp., LLC*, 2017 U.S. Dist. LEXIS 191026, at *13-15 (N.D. Tex. Nov. 20, 2017). Here, however, allowing Mr. Eakin to amend his Complaint will not force the Defense Department to relitigate issues that the Court already resolved at the summary judgment stage. If Mr. Eakin's motion is denied, the Defense Department will simply have to go through summary judgment on the M-Z files in a separate lawsuit rather than in this lawsuit. The prejudice that the Court found in *Hostingxtreme Ventures* is thus notably absent from this case.

---

[1] The Defense Department's citation to *Valcho v. Dallas Cty. Hosp. Dist.*, 658 F. Supp. 2d 802, 815 (N.D. Tex. 2009), is also misplaced. Like in *Borda*, the Court in *Valcho* found undue delay and undue prejudice, as the plaintiff could have brought her state law claims in her initial Complaint. The Defense Department's reliance on *Navarro v. Microsoft Corp.* fares no better, as the Court specifically found that the plaintiffs could have brought the 42 U.S.C. § 1981 claims in their initial Complaint and thus engaged in undue delay. 214 F.R.D. 422, 424 (N.D. Tex. 2003)

Although ordinarily the Court would be extremely hesitant to grant a motion to amend three years after the amendment deadline, this situation is unique. Compare this case to one in which a plaintiff has sued an employer for unlawful discrimination and then seeks to add a retaliation claim years after the amended pleading deadline. In most situations, granting leave to amend would be fundamentally unfair, as the employer has been defending against a discrimination claim and would now have to go through discovery on a whole new set of facts pertaining to retaliation. Here, however, denying Mr. Eakin's motion will not actually prejudice the Defense Department. If the Court were to deny the motion, that decision would not bar him from bringing a separate lawsuit for the M-Z files. Indeed, he would need to bring new lawsuits periodically as more of the M-Z files become digitized. Proceeding in that manner would have no bearing on the ultimate outcome of the lawsuit, including which documents are withheld, which words are redacted, etc.—the only difference would be that the time and resources of both the litigants and the Court would be wasted by handling the M-Z files in a series of separate lawsuits. The furtherance of judicial economy without any discernable prejudice to the defendant is certainly good cause for a non-futile amendment.

Of course, this does not mean that the Court will necessarily hold the Defense Department to the exact same production schedule for the M-Z files as it will for the A-L files. The Court is fully aware of the fact that Mr. Eakin did not technically make his request for the M-Z files until December of 2019, and the Court also understands that the digitization of the files is taking place alphabetically, meaning that the further along in the alphabet the file is, the longer it may take to obtain. With this understanding in mind, there is no reason why Mr. Eakin's M-Z requests should not be combined with his ongoing lawsuit. In its opposition, the Defense Department expresses its concerns that if the Court grants this motion, "it begs the question of

what future documents Plaintiff will be allowed to continue to add to this litigation, for instance, other documents related to World War II, IDPFs on conflicts outside World War II, or other documents in possession of the DoD, ad infinitum." ECF No. 61 at 4-5. By granting this request to amend the pleadings, however, the Court has in no way precluded itself from denying future motions seeking leave to include requests for information other than the M-Z files. The Defense Department's fears that this litigation will "extend . . . in perpetuity," *id.* at 4, are thus unfounded. If anything, combining all requests for the A-L files in the same lawsuit as all requests for the M-Z files will speed up the process, as the M-Z files will not have to be handled in a separate case. The Defense Department further expresses its concerns that without a separate lawsuit, "the changing nature of Defendant's operations" as well as "the national health crisis . . . significantly alter[ing] the DoD's ability to conduct operations" will be overlooked. ECF No. 61 at 5. The Court can assure the Defense Department that it is fully capable of analyzing these factors when ruling on the appropriate production schedule for the M-Z files. For these reasons, the Court finds that there is good cause to grant Mr. Eakin's motion.

## CONCLUSION

Based on the foregoing, the Court will **GRANT** Mr. Eakin's Motion for Leave to File First Amended Complaint (ECF No. 58).

It will be **ORDERED** that the Clerk of Court shall accept the First Amended Complaint (found at ECF No. 58-1) for filing.

A separate Order accompanies this Memorandum Opinion.

Date: July  30 2020

_____
Royce C. Lamberth
United States District Court Judge