FILED
March 02, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Breanna Coldewey
       DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **JOHN EAKIN,** *Plaintiff,* v. **UNITED STATES DEPARTMENT OF DEFENSE,** *Defendant.* | Case No. 5:16-cv-972-RCL |

## **MEMORANDUM OPINION**

Plaintiff John Eakin, representing himself *pro se*, seeks the Court's leave to amend his Complaint to include an additional Freedom of Information Act ("FOIA") request. ECF No. 94. The Court has previously granted Eakin leave to file a First Amended Complaint. *See* ECF Nos. 58-1, 62, 63. The United States Department of Defense ("DOD") opposes this motion. ECF No. 95. After considering the motion, opposition, and applicable law, the Court will **GRANT** Eakin's motion for leave to file a Second Amended Complaint.

### I.   BACKGROUND

This litigation arises from Eakin's longstanding effort to obtain information about the missing and unidentified remains of World War II-era servicemen. In May 2016, Eakin submitted a FOIA request seeking "[e]lectronic (digital) copies of all World War II era Individual Deceased Personnel Files (IDPFs)." Mem. Op. 1, ECF No. 62. Eakin uses this information to search for these fallen servicemembers' remains and repatriate them for burial by their families. Mem. Op. 2, ECF No. 78. Once DOD notified Eakin that it could not produce these documents within the twenty-day statutory deadline, and after it constructively denied Eakin's agency appeal, Eakin sued

1

in this Court. Complaint, ECF No. 1.

When Eakin filed his initial FOIA request, the government had only digitized IDPFs for servicemembers with last names beginning with A–L. Mem. Op. 2, ECF No. 78. The Court thus held that Eakin "had exhausted his administrative remedies—and had thereby imbued this Court with subject matter jurisdiction—only as to the A–L files." *Id.* The day after that ruling, Eakin filed a new FOIA request covering IDPFs for servicemembers with last names beginning with M–Z. Mem. Op. 3, ECF No. 62. After DOD represented that it could not meet the statutory deadline for this request, the Court granted Eakin leave to amend his complaint to include the M–Z files that had already been digitized. *Id.* at 1–3.

Eakin now seeks leave to amend his complaint a second time. ECF No. 94. On April 12, 2021, DOD informed Plaintiff and the Court that it had completed digitizing the M–Z files. ECF No. 94-4 at 3. That same day, Eakin submitted a FOIA request for "the balance of the requested files" that were "not previously produced." ECF No. 94-2 at 1. That is, Eakin requested the M–L files that were not digitized when he filed his First Amended Complaint. On May 12, 2021, Eakin filed the present motion for leave to amend his complaint to incorporate claims that DOD constructively denied this April 2021 FOIA request. ECF No. 94. The DOD opposes this motion for the same reasons it opposed Eakin's motion for leave to file a First Amended Complaint. ECF No. 95.

## II.     LEGAL STANDARD

As the Court has previously explained, Federal Rule of Civil Procedure 16 provides the proper standard for this motion. Mem. Op. 3–4, ECF No. 62. Under Rule 16, the Court may modify a deadline set in a scheduling order "for good cause." Fed. R. Civ. P. 16(b)(4). Judge Rodriguez's scheduling order required amended pleadings to be filed by December 30, 2016. *See*

ECF No. 15. Since Eakin filed this motion years after that deadline, Rule 16's "good cause" standard applies. *See* Mem. Op. 4, ECF No. 62. Eakin must show that an amendment is justified based on (1) an "explanation for the failure to move timely for leave to amend," (2) "the importance of the amendment," (3) any "potential prejudice" were the amendment allowed, and (4) "the availability of a continuance" to cure any prejudice. *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005).

### III. DISCUSSION

As before, the Court finds good cause to permit Eakin to amend his complaint. Eakin has fully explained his failure to move for leave to amend within the original deadline. The amendment is critical to this litigation, as it encompasses the remainder of the files that Eakin has already fought to obtain. And DOD cannot claim prejudice when it has been on notice for years that Eakin sought the entirety of IDPFs relating to World War II-era servicemen.

First, Eakin has fully explained his failure to amend his pleadings within the original deadline. When Eakin first filed this litigation, the M–Z IDPFs did not exist in digital format. *See* Mem. Op. 8, ECF No. 53. It was impossible for Eakin to include these documents in an amended pleading—and, indeed, he tried to do so—because he could not have exhausted his administrative remedies. *Id.* at 8–9. "Absent a new FOIA request," the Court was "without power to order [DOD] to produce the digitized M–Z files." *Id.* at 8. Eakin filed the present motion only after receiving notice that DOD *had* completed that digitization process. *See* ECF No. 94-4 at 3. So, in short, Eakin filed this motion as soon as it was feasible.

Second, this amendment is critical to ensuring this litigation proceeds on an orderly basis. As Eakin has highlighted, "[t]he additional files are virtually identical to those that are the subject of this case" and "contain no new or unique features not found in the current files." ECF No. 94

3

at 5. Were the Court to deny this motion, it would "not bar [Eakin] from bringing a separate lawsuit" for any remaining M–Z files. Mem. Op. at 6, ECF No. 62. The Court has, moreover, already permitted Eakin to amend his complaint to include *some* already digitized M–Z IDPFs. *See id.* at 6–7. It would be a waste of judicial economy not to permit Eakin to amend his complaint here to include the "final tranche" of M–Z files. ECF No. 94 at 1.

Finally, DOD will suffer no prejudice from Eakin's amended complaint. DOD "has undoubtedly been aware since [Eakin] made his initial FOIA request that he would eventually seek all the digitized files." Mem. Op. 4, ECF No. 62. Were the Court to deny Eakin's motion, Eakin could still seek relief through a standalone lawsuit. "Proceeding in that manner would have no bearing on the ultimate outcome" of this lawsuit, "including which documents are withheld, which words are redacted, etc.—the only difference would be that the time and resources of both the litigants and the Court would be wasted." *Id.* at 6. And, "[i]f anything, combining all requests" for IDPFs in the same lawsuit "will speed up the process." *Id.* at 7. For these reasons, the Court finds that good cause exists to grant Eakin's motion for leave to amend his complaint.

## IV.   CONCLUSION

Based on the foregoing, the Court will **GRANT** Eakin's motion for leave to file a Second Amended Complaint. ECF No. 94. It will be **ORDERED** that the Clerk of the Court shall accept Eakin's Second Amended Complaint, ECF No. 94-1, as filed. The Court will enter an accompanying order this date concerning scheduling deadlines and setting a status conference on this matter.

Date: March 2, 2022

Royce C. Lamberth
United States District Judge

4