UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN EAKIN, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | No. SA-16-CV-972-RCL |
| UNITED STATES DEPARTMENT OF DEFENSE, | § § § § | |
| *Defendant*. | § § | |

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR *OPEN AMERICA* STAY**

The Court previously granted the government an *Open America* stay to review and produce the A–L IDPFs covered by Plaintiff's 2016 FOIA requests. The government respectfully requests a corresponding stay—albeit for a significantly shorter length of time—to review and produce the M–Z IDPFs covered by Plaintiff's more recent requests. As explained in the government's motion, each of the factors that justified the original stay are still present: (1) DoD continues to be burdened with an unanticipated number of requests, including those at issue in this litigation; (2) DoD's resources remain inadequate to process the requests within the statute's time limits; (3) DoD is still exercising due diligence in processing the requests; and (4) DoD has made reasonable progress in reducing its backlog and cannot devote additional resources to this matter without adversely affecting other pending FOIA cases.

Plaintiff's arguments in opposition mischaracterize the prior proceedings in this case. For example, Plaintiff argues his FOIA requests have been pending since May 2016. *See* ECF No. 118, Opp'n at 3. In fact, the electronic files that existed at the time of Plaintiff's May 2016 requests have already been produced, *see* ECF No. 117, Mot. at 1–2; the government has yet to produce only those files it did not finish digitizing until April 2021, *see id.* at 3–4. Plaintiff also contends

that the government prematurely informed the Court that it had completed the A–L files and then "needed an additional ten months" to make further productions. *See* Opp'n at 4. In fact, under the direction of AHRC's Commanding General, DoD spent this additional time voluntarily conducting supplementary file reviews and developing additional processes to improve accountability for the review of the M–Z files. *See* Mot. at 3. Far from showing a lack of diligence, these measures demonstrate the government's commitment to producing all known IDPFs.

Plaintiff also implies that the government could act more expeditiously in responding to his new requests, even as he declines to propose an alternative production deadline. Among other things, Plaintiff accuses the government of failing to follow a first-in, first-out policy and of making empty promises to "devote additional, but unspecified, resources to processing this request." *See* Opp'n at 2. But slavishly following a first-in, first-out policy would **delay** review in this case because Plaintiff's most recent request for the M–Z IDPFs was not submitted until April 2021, after DoD contractors finished digitizing those files. Instead, at this Court's suggestion, the government will prioritize Plaintiff's request. *See* Mot. at 7 n.3. To do so, it proposes committing quantifiable additional reviewers to this project and has already set up a dedicated taskforce overseen by AHRC senior leadership. *See id.* at 3, 7–8. As a result, the government intends to complete its production of M–Z files in only 18 months.

The government has already responded to many of Plaintiff's other arguments in prior filings, and it stands by those responses. Plaintiff's argument that the government could use computer search programs to conduct its review (*see* Opp'n at 3) was addressed in the May 2017 declaration of Monique Wey Gilbert. *See* ECF No. 22-2 at ¶ 9. Plaintiff's argument that DoD is not making reasonable progress towards reducing its backlog of FOIA requests (*see* Opp'n at 4–5) was addressed in the government's November 2020 motion for summary judgment. *See* ECF

No. 76 at 12.[1] And Plaintiff's unsubstantiated argument that the government has produced improperly or inconsistently redacted files (*see* Opp'n at 4), though not addressed in prior filings, is irrelevant under settled law: Inconsistent redactions do not "undermine [the agency's] credibility, let alone so thoroughly that [its] exemption claims must be rejected out of hand." *Clemente v. FBI*, 741 F. Supp. 2d 64, 88–89 (D.D.C. 2010) (explaining that "minor inconsistencies" in an agency's redactions of voluminous records were "unsurprising and practically inevitable").

Finally, Plaintiff's extended discussion of the Kelder matter (*see* Opp'n at 5–7) has no bearing on the government's motion. An agency's entitlement to an *Open America* stay does not turn on the public interest in the release of the requested materials. "[T]he issue is not whether the requestor should have ultimate access to the records" but rather "under what time constraints administrative agencies should be compelled to act by the court at the behest of a requester." *Voinche v. FBI,* 999 F.2d 962, 963 (5th Cir. 1993) (citing *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 607 (D.C. Cir. 1976)); s*ee also* ECF No. 29 at 12, 15–17 (granting an *Open America* stay after finding public had in interest in the IDPFs at issue). Moreover, Plaintiff does not allege that any portions of the records referenced in this section of his opposition—which were produced in connection with a much narrower FOIA request that was the subject of prior litigation in this district—were redacted in a way that thwarted Plaintiff's stated purpose for obtaining them. Instead, Plaintiff appears to make this argument solely to include inappropriate, inaccurate, and irrelevant accusations about DoD.

---

[1] Since the government's motion for summary judgment was filed, DoD has published its FOIA Report for 2022 that describes the agency's most recent efforts to reduce its backlog. *See* Department of Defense, *Chief Freedom of Information Act Officer Report to the Department of Justice for 2022*, § 5.0, available at https://open.defense.gov/Portals/23/Documents/FOIA/CFO/2022_DoD_Chief_FOIA_Officer_Report.pdf. Notably, DoD closed seven of its ten oldest FOIA requests in 2022, and OSD/JS closed all ten of its of its oldest requests. *Id.* § 5.4.

At bottom, Plaintiff's opposition amounts to nothing more than another demand that the government immediately produce all IDPFs without conducting any review or making any redactions. *See* ECF No. 114 at 1; Opp'n at 5–9 (arguing that privacy interests must give way due to alleged government wrongdoing). The Court rightly has rejected similar requests in the past, noting that "the answer to [Plaintiff's] concerns is rigorous monitoring and enforcement of the review and production timeline—not abandonment of the review process altogether." ECF No. 78 at 14. As the Court previously explained, Plaintiff "may find the government's process to be slow and unnecessary, but he requested hundreds of thousands of decades-old documents, so some measure of patience is required." ECF No. 53 at 7.

\* \* \*

For the reasons set forth above and in the government's motion for an *Open America* stay, the government should be given additional time to complete its review of the M–Z IDPFs. The government has agreed to treat Plaintiff's request for those files as part and parcel of his original FOIA request for purposes of its "first in, first out" review process. And it proposes to commit additional reviewers to this project using improved procedures with senior-level oversight designed to increase accountability. The resulting 18-month production schedule is not only significantly shorter than the 4-year period granted for the A–L IDPFs, but also more aggressive than the government's proposal in the parties' recent joint status report (*see* ECF No. 114). The alternative offered by Plaintiff—immediate production of all files without any review and redaction of personal information—is untenable.

WHEREFORE, the government respectfully requests that the Court grant its motion for an *Open America* stay.

Dated: April 22, 2022

Respectfully submitted,

ASHLEY C. HOFF
United States Attorney

By:   */s/ Thomas A. Parnham, Jr.*
THOMAS A. PARNHAM, JR.
Assistant United States Attorney
New York Bar No. 4775706
903 San Jacinto Blvd, Suite 334
Austin, Texas 78701
(512) 916-5858 (tel)
thomas.parnham@usdoj.gov

*Attorneys for the United States
Department of Defense*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2022, I caused the foregoing to be electronically filed via the Court's CM/ECF system, which will send notification to Plaintiff.

*/s/ Thomas A. Parnham, Jr.*
THOMAS A. PARNHAM, JR.