FILED
July 08, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Breanna Coldewey
DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN EAKIN, *Plaintiff*, v. UNITED STATES DEPARTMENT OF DEFENSE, *Defendant*. | Case No. 5:16-cv-972-RCL |

## MEMORANDUM OPINION

The United States Department of Defense ("DOD") has moved for an *Open America* stay to allow it time to review and produce certain World War II-era Individual Deceased Personnel Files ("IDPFs") related to a Freedom of Information Act ("FOIA") request by plaintiff John Eakin ("Eakin"). ECF No. 117. Eakin filed an opposition, ECF No. 118, and DOD replied, ECF No. 119. After considering the motion, opposition, reply, and applicable law, the Court will **GRANT IN PART** DOD's motion for an *Open America* stay. The Court will, however, limit the length of this stay to July 8, 2023—one year from the date of this opinion.

### I. BACKGROUND

This FOIA dispute stems from Eakin's goal to obtain information about missing and unidentified remains of World War II-era servicemembers. In May 2016, Eakin submitted a FOIA request seeking "[e]lectronic (digital) copies of all World War II [-]era [IDPFs]." *Eakin v. Dep't of Def.*, No. 5:16-cv-972 (RCL), 2022 WL 625088, at *1 (W.D. Tex. Mar. 2, 2022). Eakin hoped to use this information to find these fallen servicemembers' remains and repatriate them for honorable burials. *Id.*

Because of the sheer size of Eakin's request, the DOD and this Court have divided Eakin's request by the first letter of servicemembers' last names. The litigation to this point has largely concerned the review and production of servicemember IDPFs with A–L last names. ECF No. 1. On December 17, 2019, the Court denied Eakin's motion for summary judgment as to the A–L IDPFs. Order, ECF No. 54. Though Eakin demanded production of all IDPFs, the Court explained that it lacked subject-matter jurisdiction over any M–Z IDPFs—Eakin had requested all *digital* copies of the documents, but the M–Z IDPFs had not yet been digitized. ECF No. 53 at 8-9. DOD did not finish digitizing the M–Z IDPFs until April 2021, ECF No. 117 at 3, at which point Eakin filed a new FOIA request governing those files, ECF No. 94-2. After DOD constructively denied this request, the Court permitted Eakin to amend his complaint and directed the parties to meet, confer, and file a joint report with a proposed production schedule for the M–Z IDPFs. ECF No. 110. The parties soon reached a scheduling impasse—at a March 25, 2022 status conference, Eakin demanded production within 30 days, but DOD asked the Court for months to complete the request. ECF No. 114 at 1.

DOD has therefore moved for an *Open America* stay to "allow it time to adequately review and produce the M–Z IDPFs covered by [Eakin's] Freedom of Information Act requests." ECF No. 117. In its motion, DOD asks the Court to set an October 8, 2023 deadline to produce all M–Z IDPFs. ECF No. 117 at 8. As support, DOD has submitted a declaration by Colonel Daniel E. Gilbert, the Deputy Chief of Staff for Army Human Resources Command ("AHRC"). Gilbert Decl., ECF No. 117-1. Colonel Gilbert has attested to the yearly number of FOIA requests handled by AHRC and has described AHRC's procedures for processing such requests, including the steps taken to handle Eakin's request. *Id.* ¶¶ 11–14. Colonel Gilbert represents that five to six of AHRC's FOIA reviewers will be directed to dedicate two hours per workday to Eakin's project,

adding up to a total commitment of 50 to 60 hours per week. *Id.* Eakin opposes the DOD's motion and asserts that the DOD is using the stay to cover up dilatory behavior. ECF No. 118 at 1.

## II. LEGAL STANDARD

"FOIA affords the public access to virtually any federal government record that FOIA itself does not specifically exempt from disclosure." *Jarvik v. CIA*, 741 F. Supp. 2d 106, 113 (D.D.C. 2010) (citing 5 U.S.C. § 552; *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973)). Normally, an agency "shall determine within 20 days ... whether to comply with such request." 5 U.S.C. § 552(a)(6)(A)(i). But courts may extend this 20-day deadline if the agency can demonstrate unusual or exceptional circumstances. *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 609–10 (D.C. Cir. 1967). A showing of "unusual circumstances" merits a 10-day extension of time. 5 U.S.C. § 552(a)(6)(B)(i). Alternatively, "if 'exceptional circumstances' exist and the government demonstrates that the agency is 'exercising due diligence in responding to the request,' a district court 'may retain jurisdiction' to 'allow the agency additional time to complete its review of the records.'" *Moore v. U.S. Immigr. & Customs Enf't*, No. 3:19-cv-279 (DCG), 2020 WL 8125553, at *2 (W.D. Tex. August 10, 2020). This procedure is termed an *Open America* stay.

Four conditions warrant granting an *Open America* stay: (1) the agency must be burdened with an unanticipated number of FOIA requests; (2) the agency's resources must be inadequate to process the requests within FOIA's statutory time limits; (3) the agency must show that it is exercising due diligence in processing the request; and (4) the agency must show reasonable progress in reducing its backlog of requests. *See Summers v. Dep't. of Just.*, 925 F.2d 450, 452 n.2 (D.C. Cir. 1991) (noting the first three factors); 5 U.S.C. § 552(a)(6)(C)(ii) (providing the fourth factor). Agency affidavits and agency declarations supporting an *Open America* stay are evaluated

under "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents. *Safecard Servs., Inc. v. SEC*, 926 F.2d 1197, 1120 (D.C. Cir. 1991) (citing *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770,771 (D.C. Cir. 1981)).

### III. DISCUSSION

DOD contends that it has met all the prerequisites for an *Open America* stay. ECF No. 117 at 5. First, DOD represents that it has received an unanticipated number of FOIA requests of considerable volume. *Id.* Second, DOD estimates that it lacks the resources to meet FOIA's statutory time limits. ECF No. 117 at 6. Third, DOD argues that it has implemented corrective measures to avoid the pitfalls that occurred when processing the A–L IDPFs, thereby showing its due diligence toward processing Eakin's request. *Id.* at 6. Finally, DOD's publicly available FOIA reports show that the AHRC—the agency responsible for handling Eakin's request—is making reasonable progress toward reducing its FOIA backlog. Eakin disputes these arguments and asks for immediate production of all outstanding IDPFs. ECF No. 118 at 1.[1] For the reasons explained below, the Court concludes that DOD is entitled to an *Open America* stay. But the Court will limit the length of this stay to July 8, 2023—one year from the date of this opinion.

### A.    DOD Is Burdened By An Unanticipated Number of FOIA Requests

First, DOD argues that AHRC is burdened with an unanticipated number of FOIA requests. According to Colonel Gilbert, AHRC "generally receives between 5,000 and 6,000" FOIA requests yearly. Gilbert Decl. ¶ 4. Many of these requests "seek voluminous records," including

---

[1] Separately, Eakin argues that the Court should force production of all IDPFs because of the public's interest in the files. ECF No. 118 at 9. This argument is wholly inapposite to an *Open America* analysis. The Court does not doubt the public's interest in obtaining files that could assist with honoring our nation's fallen heroes. But in an *Open America* analysis, "the issue is not whether the requestor should have ultimate access to the records." *Voinche v. FBI*, 999 F.2d 962, 963 (5th Cir. 1993). Rather, the issue is "under what time constraints administrative agencies should be compelled" to respond to a FOIA request. *Id.*

4

"large litigation matters" related to the 3M earplug lawsuits. *Id.* Colonel Gilbert also attests that "[i]n the first six months of [the] fiscal year, AHRC received 2,435 FOIA requests." *Id.* Based on the volume of Eakin's request—approximately 160,000 IDPFs—and the number and size of the FOIA requests pending before AHRC, the Court finds that DOD has satisfied the first element of an *Open America* stay. *Accord Eakin v. Dep't of Def.*, No. 5:16-cv-972 (RCL), 2017 WL 3301733, at *7 (W.D. Tex. Aug. 2, 2017).

### B. DOD's Resources are Inadequate to Timely Process the Request

Second, the Court finds that DOD cannot process Eakin's request within FOIA's time limits. Based on a current rate of 33–50 IDPFs per hour by five to six FOIA processors working two hours per day, the government estimates that it will take 3,285 to 4,978 man-hours to complete the review and production of the remaining M–Z IDPFs. ECF No. 117 at 6. As of April 8, 2022, the DOD represented that AHRC has reviewed 5,854 files out of the 164,620 M–Z IDPFs that need to be processed. Gilbert Decl. ¶ 10. The sheer number of IDPFs left for DOD to review—combined with the current backlog and new requests—illustrate that the agency's resources are inadequate to process Eakin's request within the time limits outlined in the statute. *See Elec. Frontier Found. v. Dep't of Just.*, 563 F. Supp. 2d 188, 194–95 (D.D.C. 2008) (collecting cases emphasizing agencies' backlogs and large volume of pending requests when discussing this element).

### C. DOD Is Now Exercising Due Diligence

Third, the Court finds that DOD is now employing due diligence in processing Eakin's FOIA request. Several developments support this finding. AHRC's commanding general is now overseeing Eakin's FOIA request and has put corrective measures in place to govern review of the M–Z IDPFs. ECF No. 117 at 6. DOD has also devoted more resources to the M–Z file review than it did for the A–L file reviews: authorizing overtime, assigning data-management personnel to the

5

project, and adding a dedicated Judge Advocate General to assist AHRC with its review. Gilbert Decl. ¶¶ 7–9.

DOD's interactions with the Court since producing the A–L IDPFs also assure the Court of its current due diligence. After producing the A–L IDPFs to Eakin, DOD conducted supplementary reviews of more than 66,000 of those files with a 100% file-accuracy rate. Gilbert Decl. ¶ 9. When discrepancies (or corrupted files) arose, DOD communicated those issues to the Court and resolved them promptly. *See, e.g.*, ECF Nos. 103, 104, 105, 108. And, despite devoting resources to a supplementary review of the A–L IDPFs, AHRC has already reviewed over 5,000 M–Z IDPFs. *Id.* ¶ 4.

Eakin's protests do not convince the Court otherwise. In his view, DOD's actions in the overall litigation lead to the "inescapable conclusion" that difficulties arose from "their own desire to delay" rather than to produce the requested IDPFs. ECF No. 118 at 4. To be sure, the Court has admonished DOD for its dilatory behavior toward producing the A–L IDPFs. *See generally* Mem. Op., ECF No. 78. The Court raised several concerns in its prior memorandum opinion: (1) DOD's inconsistent estimates about the size of the A–L IDPF production, (2) DOD's fluctuating stories about the number of FOIA reviewers assigned to Eakin's request, (3) DOD's failure to follow a "first-in, first-out" policy for FOIA requests, and (4) DOD's admission that it failed to file court-mandated status reports. *Id.* at 6–13. As explained above, DOD appears to have taken this criticism to heart. It produced the A–L IDPFs in accordance with the Court's order, filed regular status reports with the Court about corrupted or missing files, and has devoted significant resources toward managing Eakin's request. The Court is mindful of Eakin's frustration that this longstanding FOIA request continues to another day. But DOD's representations do convince the Court of its current due diligence.

### D. DOD is Making Progress to Reduce Its Backlog

Finally, the Court finds that DOD is making progress toward reducing its backlog of FOIA requests. In making this finding, the Court takes judicial notice of DOD's annual FOIA reports. *See* Dep't of Def., FOIA Annual Report for Fiscal Year 2021 45–46, http://open.defense.gov/Portals/23/Documents/DoDFY2020AnnualFOIA_Report.pdf. During fiscal year ("FY") 2021, AHRC successfully processed 24,409 FOIA requests. *Id.* AHRC's efforts accounted for roughly 45% of requests processed by DOD during 2021. *Id.* And even though AHRC increased the number of requests processed by 5.39% between FY20 and FY21, overall FOIA requests increased by 6.26%. *Id.* In light of AHRC's efforts and the residual effects of the COVID-19 pandemic, the Court finds this element satisfied. *See Moore v. U.S. Immigr. & Customs Enf't*, 513 F. Supp. 3d 742, 747 (W.D. Tex. 2021); *Daily Caller News Found. v. FBI*, 387 F. Supp. 3d 112, 120 (D.D.C. 2019).

\* \* \*

In sum, DOD has satisfied all four conditions required for an *Open America* stay. The Court will therefore **GRANT** the DOD's motion. However, the Court will limit the length of this stay to one year following the issuance of this opinion.

### E. The Court Will Limit the Length of The Stay

DOD requests that the Court stay this case until October 8, 2023, with an interim production of files on April 8, 2023. Though the Court agrees that an *Open America* stay is warranted here, it disagrees with DOD about the length of the stay. This decision is within the Court's discretion. *See, e.g., Elec. Frontier Found.*, 517 F. Supp. 2d 111, 120 (D.D.C. 2007) (granting a 12-month stay when an agency requested a 27-month stay); *Piper v. U.S. Dep't of Just.*, 339 F. Supp. 2d 13, 18–20 (D.D.C. 2004) (granting a two-year stay instead of a requested four-year stay). DOD is correct that Eakin's request for the M–Z IDPFs was technically not filed until

April 2021. ECF No. 119 at 2. But DOD "has undoubtedly been aware since [Eakin] made his initial FOIA request that he would eventually seek all the digitized files." ECF No. 62 at 4. DOD could have saved time and resources for both itself and the Court it if treated Eakin's May 2016 request with the attention that it deserved. *Id.* In the Court's view, the history of this case warrants a shorter stay period. Moreover, based on DOD's representation that it can now assign five to six FOIA reviewers to Eakin's request for two hours a day, it appears feasible that the DOD can process Eakin's request months before October 2023. The Court appreciates DOD's worry about an "adequate cushion against possible unforeseen events." ECF No. 117 at 8. But considering (1) that that this case has been pending since 2016 (rather than 2021); and (2) that DOD's self-provided details show that it could process this request months before the proposed October 8, 2023 deadline, the Court will limit the length of the *Open America* stay to July 8, 2023—one year from the date of this opinion. In accordance with DOD's procedures when reviewing the A–L IDPFs, DOD will be ordered to produce the M–Z IDPFs on a monthly basis. *See, e.g.*, ECF Nos. 103, 104, 105, 108.

## IV. CONCLUSION

For the reasons above, the Court will **GRANT IN PART** and **DENY IN PART** DOD's motion for an *Open America* stay. This case shall be **STAYED** until July 8, 2023. DOD shall be **ORDERED** to make interim productions of the M–Z IDPFs by August 8, 2022, and every 30 days thereafter. DOD shall be further **ORDERED** to file status reports, contemporaneous with these interim productions, that (1) identify the number of files produced, the volume (in gigabytes) of files produced, and the number of files remaining to be produced; (2) report whether DOD remains on track to complete its production on this schedule; and (3) explain what additional resources, if

any, DOD intends to devote to producing Eakin's request. An order consistent with this memorandum opinion shall issue this date.

Date: July 8, 2022

Royce C. Lamberth
Unites States District Judge