UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN EAKIN, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | No. SA-16-CV-972-RCL |
| § | |
| UNITED STATES DEPARTMENT § | |
| OF DEFENSE, § | |
| § | |
| *Defendant*. § | |

## RESPONSE IN OPPOSITION TO PLAINTIFF'S OPPOSED MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR BETTER SEARCH

The Court should deny Plaintiff's Opposed Motion to Compel Production of Documents and for Better Search (ECF No. 124). Plaintiff's motion, which challenges the sufficiency of the government's search and production of records in response to his FOIA requests, is premature and procedurally deficient. His allegations that the government's productions are incomplete and/or that its quality control measures are defective lack evidentiary support. And the relief Plaintiff seeks—an order compelling the government to produce non-responsive records and to search for additional information and records held outside the agency—is inappropriate.

## BACKGROUND

Plaintiff filed FOIA requests with the U.S. Department of Defense (DoD) seeking copies of "all World War II era Individual Deceased Personnel Files (IDPFs) … which exist in any digital or electronic format." *See* ECF No. 1, Compl. ¶ 7. After the Court granted the government's motion for an *Open America* stay, DoD produced more than 192,000 IDPFs to Plaintiff between October 2017 and February 2021. *See* ECF No 86, Status Report ¶ 5. Most of those files belonged to service members whose last names began with a letter between A and L. *See id.* ¶¶ 1, 4. To address

Plaintiff's concern that responsive files appeared to be missing from the government's productions, DoD re-reviewed and re-produced more than 67,000 A–L IDPFs between March 2021 and February 2022. *See* ECF No. 98, Status Report ¶¶ 1–4; ECF No. 105, Status Report ¶¶ 1–4; ECF No. 108, Status Report ¶¶ 1–2.

While the government's production of the A–L IDPFs was still ongoing, Plaintiff made two additional FOIA requests for the M–Z IDPFs that had been digitized after he filed his original complaint. *See* ECF No. 111, Second Am. Compl. ¶¶ 9, 13, 16. In response to issues encountered during the review and production of the A–L files, Major General Thomas R. Drew directed his staff to adopt several corrective measures before handling the M–Z files. *See* ECF No. 102-2, Drew Decl. ¶¶ 5–13. These measures included the imposition of a rigorous qualify control process and the creation of a dedicated task force led by Colonel Daniel Gilbert and staffed by an officer who specializes in database management and a legal advisor assigned by The Judge Advocate General of the Army to work exclusively on this matter. *See* ECF No. 117-1, Gilbert Decl. ¶¶ 7–8.

With these corrective measures in place, DoD requested a second *Open America* stay to allow it sufficient time to review the 164,260 M–Z IDPFs. *See* ECF No 117, Motion for *Open America* Stay. The Court granted the government's request in part and ordered DoD to complete its production of M–Z files by July 8, 2023. *See* ECF No. 121, Order at 1. The Court also ordered DoD to make monthly interim productions and to file regular status reports updating the Court on its progress. *Id.* To date, DoD has produced more than 48,000 M–Z files consisting of more than 1.5 TB of data. *See* ECF No. 125, Status Report ¶¶ 1–3. Fewer than 116,000 files remain to be reviewed, and the government is on track to meet the Court's deadline. *See id.* ¶¶ 4–5.

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff asserts that the government is arbitrarily withholding files it considers to be non-responsive, including "duplicate files and those from conflicts other than World War II." *See* ECF No. 124, Motion at 3.[1] He suggests that the government is "unaware that many individuals have multiple unique files," and contends that DoD's quality control measures must be "defective" because "the first two monthly productions of M–Z files have contained multiple examples of Korean War era files." *Id.* at 4. Plaintiff asks the Court to order DoD to produce duplicates and Korean War files or, in the alternative, to provide a *Vaughn* Index of all M–Z files that have been withheld. *Id.* at 4–5.

Plaintiff also asks the Court to order DoD to "conduct a better search" for files that are referenced in "charge out" sheets. *Id.* at 5. These "charge out" sheets reflect that a particular IDPF was transferred to an individual or another agency. *Id.* Plaintiff believes there are "indications that at least one of the agencies to whom these files were transferred was also in the habit of electronically scanning or digitizing the files." *Id.* He asks the Court to order DoD to conduct an investigation to "determine the location of the transferred or 'charged out' files" and whether they "have ever been digitized and should be produced to Plaintiff." *Id.*

---

[1] Plaintiff contends that the government made this decision without notice, but DoD told Plaintiff that Korean War IDPFs were non-responsive in March 2021. *See* Ex. 1, Email at 1 ("Your FOIA request was for WWII IDPFs, not Korean War (or Vietnam War) IDPFs, so to the extent you received non-WWII files it was due to an overproduction on the government's part."); *see also* ECF No. 102, Opp'n to Mot. to Compel at 4 (noting that DoD had "inadvertently released" some Korean War files in the A–L productions).

# ARGUMENT

Although DoD is prepared to defend the sufficiency of its search for documents and its decision to withhold certain non-responsive materials at the appropriate time, it respectfully requests that it be allowed to complete its production of M–Z files first.

"To defend a FOIA case, an agency must show that 'its search for responsive records was adequate, that any exemptions claimed actually apply, and that any reasonably segregable non-exempt parts of records have been disclosed after redaction of exempt information.'" *Bradley v. IRS*, 5:17-CV-737-DAE, 2019 WL 4980459 (W.D. Tex. Aug. 5, 2019) (citation omitted). This is generally done in connection with a summary judgment motion filed "once all documents have been processed," rather than "halfway through a piecemeal production schedule," which allows a reviewing court to "judge the government's production in toto." ECF No. 42, Memorandum Opinion at 4 (citing *Ruotolo v. Dep't of Justice*, 53 F.3d 4, 9 (2d Cir. 1995)); *see also Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993) ("Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified.").

The government recognizes that the Court was willing to consider Plaintiff's objections to DoD's redactions of the A–L files while that production was ongoing. The Court noted that "in the ordinary case," it would dismiss such objections as premature. *See* ECF No. 42, Memorandum Opinion at 4. But it explained that this "paradigm poorly fits the *Open America* context, where delaying judicial determination threatens to upend years of government man-hours and to prolong any wrongful nondisclosure." *Id.* Accordingly, the Court agreed to entertain certain objections to the government's production so that it might "prevent the government from traveling too far down a wrong road." *Id.*

The concerns that animated the Court's decision to consider early objections to the A–L production do not apply to the M–Z files. DoD is reviewing the M–Z files using an improved process overseen by senior Army officials. The government has already produced more than 48,000 of the 164,000 M–Z files and anticipates completing its production within the next nine months. Moreover, whereas the objections the Court considered in connection with the A–L files applied to each IDPF and implicated every aspect of DoD's review,[2] Plaintiff's objections to the withholding of duplicates and Korean War files apply only to a limited subset of documents and can be easily addressed once all other files have been produced. Accordingly, waiting to resolve Plaintiff's objections until DoD completes its production will neither "upend years of government man-hours" nor significantly "prolong any wrongful nondisclosure."

In any event, Plaintiff's objections are plainly without merit. First, Korean War files are not responsive to FOIA requests for World War II IDPFs. The Court has already decided that DoD "may label individual files as non-responsive" and may withhold such files in their entirety. *See* ECF No. 53, Memorandum Opinion at 6. Second, it is well-settled that an agency need not produce exact duplicates of records it has already provided to the plaintiff. *See, e.g.*, *Leopold v. CIA*, 177 F. Supp. 3d 479, 490 (D.D.C. 2016); *Jett v. FBI*, 139 F. Supp. 3d 352, 364 (D.D.C. 2015). Third, DoD is under no obligation to hunt down files that were removed from its custody before Plaintiff submitted its FOIA requests in this case. FOIA does not "compel agencies to become ad hoc investigators for requesters" or to "request additional information from another agency." *White v. U.S. Dep't of Justice*, 840 F. Supp. 2d 83, 91 (D.D.C. 2012) (citation omitted); *see also SafeCard*

---

[2] Specifically, the Court considered whether DoD could redact embedded requests as "non-responsive," whether DoD could redact personally identifying information of previous FOIA requesters, and whether DoD was entitled to manually review documents for responsiveness and any applicable FOIA exemptions. *See* ECF No. 53, Memorandum Opinion at 4–7.

*Services, Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) ("Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them.").

Finally, even were the Court to consider Plaintiff's objections prior to the completion of this litigation, "the proper vehicle to do so remains a motion for partial summary judgment teeing-up the specific legal question with a *Vaughn* index[.]" *Id.* The current record is not sufficient to assess Plaintiff's arguments, and his motion is devoid of any evidentiary support for his contentions. For example, Plaintiff has not identified a single Korean War file produced by DoD in the M–Z set despite repeated requests by the government to do so.

## **CONCLUSION**

For the reasons set forth above, DoD respectfully requests that the Court deny Plaintiff's Opposed Motion to Compel Production of Documents and for Better Search. A proposed order is attached.

Dated: October 5, 2022                     Respectfully submitted,

                                                                   ASHLEY C. HOFF
                                                                   United States Attorney

By:   */s/ Thomas A. Parnham, Jr.*
       THOMAS A. PARNHAM, JR.
       Assistant United States Attorney
       New York Bar No. 4775706
       903 San Jacinto Blvd, Suite 334
       Austin, Texas 78701
       (512) 916-5858 (tel)
       (512) 916-5854 (fax)
       thomas.parnham@usdoj.gov

       *Attorneys for the United States*
       *Department of Defense*

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2022, I caused the foregoing to be electronically filed via the Court's CM/ECF system, which will send notification to Plaintiff.

>   */s/ Thomas A. Parnham, Jr.*
>   THOMAS A. PARNHAM, JR.
>   Assistant United States Attorney