UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN EAKIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. SA-16-CV-972-RCL |
| | § | |
| UNITED STATES DEPARTMENT OF DEFENSE, | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF COLONEL CHAD PRICE

I, Chad Price, Deputy Chief of Staff (DCoS), Army Human Resources Command (AHRC), pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over 18 years of age, and I am competent to make this declaration. I make the following statements based upon my personal knowledge and information made available to me in my official capacity.

2. I am a Colonel in the United States Army and have served as a commissioned Army officer for the past 21 years. In my current role as DCoS for AHRC, my principal duties entail assisting the Chief of Staff (CoS) in supervising and facilitating the day-to-day operations of support staff assigned to AHRC. I am the direct supervisor and rating official (for annual performance purposes) of the Chief of ARHC's Freedom of Information Act and Privacy Act (FOIA/PA) Office. The AHRC Commanding General is my second-level supervisor.

3. AHRC provides human resources services to Soldiers, Veterans, Retirees, and Army Families. We manage Soldier assignments, promotions, awards, records, benefits, and retirement services for the total Army force of approximately 1,010,500 Soldiers, including

EXHIBIT 2

Active, National Guard, and Reserve components. AHRC is a command comprised of approximately 3460 uniformed service members, Department of the Army civilian employees, and supporting contractor personnel.

## Review and Production of A-L IDPFs

4. On or about November 18, 2016, AHRC's FOIA/PA Office received three hard drives containing digitized Individual Deceased Personnel Files (IDFPs) from the Defense POW/MIA Accounting Agency (DPAA).

5. Between October 1, 2017, and February 1, 2021, AHRC produced 192,037 IDPFs of World War II (WWII) service members with last names beginning with A through L across 12 productions to Plaintiff.

## Implementation of Additional Quality Control Procedures

6. In September 2021, the AHRC Commanding General was made aware of potential omissions in the number of IDPFs of WWII service members with last names beginning with E, H, and L that were provided to Plaintiff in the above captioned case.

7. Given the importance of the FOIA to maintaining trust between the Department of Defense (DoD) and the American public, as well as the significant history of litigation in this case, the Commanding General ordered a complete review of AHRC's role in the production of A through L IDPFs and implemented several process improvements to increase oversight and accountability of AHRC's production efforts in this case. These improvements are described in the 22 September 2021 Declaration of Major General Thomas R. Drew.

8. The FOIA/PA office dedicated a significant amount of prioritization, resources, and energy in support of reviewing and releasing records responsive to Plaintiff's request. At the direction of the AHRC Commanding General, my predecessor oversaw the establishment of

personnel to provide additional duty support to the mission of AHRC FOIA/PA. These efforts are described in the 8 April 2022 Declaration of Colonel Daniel E. Gilbert.

9. DoD and Army Litigation Divisions provided additional litigation oversight to assist in these efforts. That oversight including regular reports, site visitations in November 2021 and May 2023, and frequent interactions to ensure the AHRC portion of this process met our legal obligations.

10. Following a rigorous quality control process, between March 24, 2021 and February 24, 2022, AHRC completed supplementary reviews and produced or reproduced 66,392 (which excludes 418 rescanned files) IDPFs of WWII service members with last names beginning with E, F, G, H, I, J, and L across 8 productions to Plaintiff.

## Review and Production of M-Z IDPFs

11. On or about September 29, 2021, AHRC's FOIA/PA Office received a hard drive containing additional digitized IDPFs from DPAA.

12. Following the same rigorous quality control process described above, between August 3, 2022 and July 5, 2023, AHRC produced 164,010 IDPFs of service members with last names beginning with M through Z across 12 productions to Plaintiff.

13. In preparing a log of documents withheld as exempt from disclosure during the M – Z production, the AHRC FOIA/PA office determined that 20 additional files were releasable. These documents were produced to Plaintiff on September 28, 2023

14. This rapid review was made possible by the additional manpower resources, streamlined processes discussed above and the authorization of more than 600 hours of overtime performed by the AHRC FOIA/PA office.

15. AHRC believes it has now reviewed and produced to Plaintiff all currently available IDPFs for WWII service members with last names beginning with the letters M through Z.

16. In total, the government has produced 422,459 WWII IDPF files to Plaintiff (including the supplemental productions of A–L files) and has reproduced 551 files identified by Plaintiff as corrupted. The production is now complete.

## Explanation of Non-Responsive or Exempted Material

17. Most of the IDPF records subject to this litigation were produced unredacted to the Plaintiff, as the names of deceased service members are not subject to privacy consideration.

18. Certain records were removed as non-responsive, as they contained correspondence from living relatives requesting information on their deceased family members. In addition, AHRC determined that 232 documents in the M – L files received from DPAA were non-responsive because they were charge-out sheets or were IDPFs associated with conflicts other than World War II. These non-responsive records were not produced.

19. Other IDPF records were produced with 5 U.S.C. § 552(b)(6) redactions to protect the privacy interests of Department of the Army personnel.

20. Section 552(b)(6) permits the government to withhold all information about individuals contained in personnel files, medical files, and similar files when the disclosure of such information "would constitute a clearly unwarranted invasion of privacy."

21. When withholding information pursuant to this exemption, the agency is required to balance the privacy interests of the individuals mentioned against any public interest in disclosure. In asserting this exemption, information in the IDPFs requested by Plaintiff was examined to determine the degree and nature of the privacy interest of any individual whose name and/or identifying data appeared in it. The public interest in disclosure of the information

is determined by whether the information in question would inform the Plaintiff or the public about official Agency activity.

22. The individual family members maintain substantial privacy interests in not having their identities disclosed. Therefore, such disclosure would constitute an unwarranted invasion of the personal privacy of these individuals.

23. Further, the names of and/or identifying data of low-level Army personnel were withheld pursuant to Exemption (b)(6). As the names and identifying information of these individuals do not shed light on how the agency is performing its mission, there is no public interest to be served by releasing the identities of these individuals. These individuals maintain substantial privacy interests in not having their identities disclosed. Therefore, such disclosure would constitute an unwarranted invasion of the personal privacy of these individuals.

## Segregability

24. AHRC's FOIA office conducted line-by-line reviews of the responsive records. For pages not withheld in full by an exemption, AHRC released all information not covered by an exemption. Exemption 6 is the only exemption applied by AHRC to redact or withhold information in otherwise responsive records.

25. AHRC's disclosures satisfied the statutory document marking obligations. The withheld materials were marked such that individual redactions showed the asserted exemptions.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29th day of September, 2023, at Fort Knox, Kentucky.

COL Chad Price