FILED
August 23, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ NM _____
                    DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JOHN EAKIN,

    *Plaintiff,*

v.

UNITED STATES DEPARTMENT OF DEFENSE,

    *Defendant.*

Case No. 5:16-cv-0972-RCL

## MEMORANDUM OPINION

Since 2016, Plaintiff John Eakin, representing himself, has sought "World War II era" digitally scanned deceased personnel files from the Department of Defense (DoD) via three, near-identical FOIA requests. Pl.'s Mot. for Partial Summ. J. 1–3, ECF No. 141. To compel production, Mr. Eakin filed suit in September of that year, challenging the DoD's failure to timely respond. Compl. 1, 4, ECF No. 1. As acknowledged by the parties, the DoD subsequently provided all such files from World War II itself. Pl.'s Mot. at 4–5; *see also* Def.'s Mot. to Dismiss 3, ECF No. 142. However, Mr. Eakin has moved for partial summary judgment, stating that the Department is also obligated to provide Korean War files, as well as "charge-out" sheets, which indicate a particular file was provided to another party before it could be scanned. Pl.'s Mot. at 7; Def.'s Mot. at 12. In response, the DoD has moved to dismiss the complaint for mootness or, in the alternative, for summary judgment on the grounds that it has adequately responded. Def.'s Mot. at 1.

Because the Department of Defense has now provided responsive records, Mr. Eakin's complaint is moot. Accordingly, for the following reasons, the Court will grant the Department's

1

motion to dismiss. As the matter is moot, Court must also deny Mr. Eakin's motion for partial summary judgment and deny the Department's motion for partial summary judgment.

## I. BACKGROUND

The Individual Deceased Personnel Files (IDPFs) Project is an ongoing effort of the Department of Defense to digitize, catalog, and manage all of the records regarding deaths of military personnel. Decl. of John Eakin 1–2, ECF No. 141-1. The documents are sorted according to the relevant conflict, including both World War II[1] and the Korean War.[2] Decl. of Cheryl M. Holm. 2, ECF No. 142-1; *see also* 10 U.S.C. § 1509(a)(1), (3).

On May 10, 2016, Mr. Eakin submitted his first FOIA request for "[e]lectronic . . . copies of all Wold [sic] War II era" IDPFs; the next day, he further requested documents regarding the contract for the IDPF Project. Pl.'s Mot. at 2–3. The DoD was unable to provide responsive documents within the statutory time period, as the ongoing project had only digitized files corresponding to last names beginning with A through L and had not yet reviewed them to remove sensitive information. Def.'s Mot. at 2. To compel production, Mr. Eakin filed his complaint, charging the Department with untimeliness under 5 U.S.C. § 552(a)(6)(C); this Court ordered an *Open America* stay and semi-annual file releases as they became available with a deadline of February 1, 2021. *Id.* After the deadline passed, the DoD reviewed and released A-L files that had been missed in the initial period, totaling to more than 258,000 records. *Id.*

The DoD finished digitization of the M-Z files on April 12, 2021; Mr. Eakin filed another FOIA request for those documents that same day and amended his complaint to include it. *Id.* This Court granted another *Open America* stay, and the DoD released 164,010 M-Z documents between

---

[1] Considered by the project to be from December 7, 1941, to December 31, 1946. *See* 10 U.S.C. § 1509(a)(1).
[2] For deaths between June 27, 1950, and January 31, 1955. *See* 10 U.S.C. § 1509(a)(3).

August 2022 and July 2023. *Id.* at 3. The parties do not dispute that the 422,439 documents provided by the Department constitute all of the existing digitized IDPFs from World War II. *Id.* Additionally, an unknown percentage of these records were mislabeled Korean War IDPFs or charge-out documents, single pages that indicate a file was moved elsewhere before it could be digitized. *Id.* at 12.

In August of 2023, Mr. Eakin filed the instant motion for summary judgment, asking this Court to order the DoD to produce the Korean War IDPFs and charge-out sheets. Pl.'s Mot. at 1. He asserts that the term "World War II era" includes both World War II itself and the Korean War. *Id.* at 7. In his view, a 2013 DoD budget estimate states that the entire IDPF project is stored as a "single unit" or "entity" and therefore is responsive in its entirety to a request for World War II documents. Decl. of John Eakin at 2. He also cites a navy history webpage which metaphorically declares that "[t]he conflict in Korea began before the end of World War II."[3] Pl.'s Mot. at 7 n.2. Finally, Mr. Eakin accuses the DoD of "chang[ing] the rules midstream" and arbitrarily declaring Korean War and charge-out files non-responsive, as it has previously released such documents to him in prior FOIA responses. Pl.'s Mot. at 8–9.

The Department of Defense responded with twin motions to dismiss and for partial summary judgment. Def.'s Mot. at 1. The Department argues that, as they have responded with more than 400,000 files to Mr. Eakin's FOIA requests, the plaintiff's charge of untimeliness has become moot, and the case must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). *Id.* at 3, 6. In the alternative, the DoD moves for summary judgment as the request has

---

[3] The webpage goes on to state that the "pivot upon which" the war began, and conflict broke out, occurred on June 25, 1950. Kati Engel, *Origins of the Korean War*, Naval History and Heritage Command (June 24, 2024, 4:06 PM), https://www.history.navy.mil/browse-by-topic/wars-conflicts-and-operations/korean-war/korea-operations/korea-origins.html. This date is more than three years after the end of World War II on December 31, 1946, as determined by the statute creating the IDPF Project. *See* 10 U.S.C. § 1509(a)(1).

been wholly fulfilled. *Id.* at 7. The Department defines World War II and the Korean War according to the statute creating the IDPF Project, as described previously, clearly separating the two conflicts. *Id.* at 10; *see also* 10 U.S.C. § 1509(a)(1). Moreover, the Department views charge-out files as non-responsive, as they are not actually IDPFs; they are simply documents indicating a particular IDPF was loaned out from the Department before digitization. Def.'s Mot. at 12. The DoD disclaims any "tacit acknowledgement" that Korean War or charge-out files were responsive, as only a small number of documents were only accidentally included. *Id.* at 11–14.

## II. LEGAL STANDARDS

### A. Subject Matter Jurisdiction and Mootness

The Constitution grants only limited jurisdiction to the federal courts to adjudicate "cases" "controversies." U.S. Const. Art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court must dismiss an action if it determines at any point during the pendency of the case that it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Alamo Aircraft Ltd. v. City of San Antonio*, No. 5:15-CV-00784, 2016 WL 5720860, at *1 (W.D. Tex. Sept. 30, 2016) (Lamberth, J.). An action ceases to be a case or controversy and becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)). As the question of mootness affects the Court's jurisdiction over a case, it must be decided first before reaching any other issues presented. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012).

### B. The Freedom of Information Act (FOIA)

To seek judicial review of an agency response, or the lack of one, to a FOIA request, a plaintiff must first exhaust all of their administrative remedies. *Voinche v. FBI*, 999 F.2d 962, 963

(5th Cir. 1993) (per curiam). Remedies are considered constructively exhausted when the agency receiving the request fails to respond within the statutory time period. *Id.*; *see also* 5 U.S.C. § 552(a)(6)(C). A suit under 5 U.S.C. § 552(a)(6)(C) challenges the timeliness of an agency's actions in response to a FOIA request, not the decision of whether particular records should be released. *Voinche*, 999 F.2d at 963. Such a case becomes moot when the agency provides responsive documents, as the issue of timeliness has been resolved. *Id.* at 963–64 (affirming the trial court's dismissal as moot of a § 552(a)(6)(C) action where the defendant agency had provided a, albeit late, response); *see also Calhoun v. FBI*, 546 F. App'x 487 (5th Cir. 2013) (same); *see also Matthews v. Exec. Off. of United States Att'ys*, No. 21-50829, 2022 WL 1055178 (5th Cir. Apr. 8, 2022) (same). After an action becomes moot in this way, the plaintiff must exhaust their administrative remedies with respect to the response's adequacy before again challenging it in court. *Voinche*, 999 F.2d at 963 (holding that, because the plaintiff had not yet sought an administrative appeal of the FBI's response to his FOIA request, the court properly dismissed any claims regarding its adequacy).

### III. DISCUSSION

#### A. This Court Lacks Jurisdiction to Hear the Parties' Motions

Because Mr. Eakin has now received responsive documents to each of his FOIA requests, his charge of untimeliness is moot. Just as in *Voinche*, where the plaintiff's § 552(a)(6)(C) claim no longer constituted a live case because the agency had provided him with a reply, albeit after significant delay, the timing of the DoD's responses to Mr. Eakin's requests is no longer at issue here. *Voinche*, 999 F.2d at 963 ("Insofar as Voinche challenged the tardiness of the FBI's response, his claim was rendered moot by the FBI's response to his request."). Mr. Eakin does not dispute that the Department has provided him with all World War II IDPFs; nor does he dispute that these

documents were responsive. *See* Pl.'s Mot. at 4–5. Accordingly, to the extent his complaint alleges that the DoD "failed to determine whether to comply with Plaintiff's request within the time period required by FOIA," it has become moot. Am. Compl. ¶ 20, ECF No. 64.

In his motion for partial summary judgment, Mr. Eakin instead challenges the adequacy of the Department's reply, stating that the agency has not provided every potentially responsive file by omitting the Korean War IDPFs and charge-out sheets. Pl.'s Mot. at 5. However, he does not allege to have exhausted his administrative remedies with respect to this issue, neither constructively nor by appealing within the DoD. *Id.* "Because a suit pursuant to § 552(a)(6)(C) challenges only the timeliness of an agency's response, the issue whether the agency's response was adequate is not apposite." *Voinche*, 999 F.2d at 963; *accord Calhoun*, 546 F. App'x at 488 ("Even if plaintiff was claiming that the FBI failed to produce all of the requested records, those claims had not been exhausted as he had not availed himself of the appropriate administrative appeals process."). Therefore, this Court cannot review whether Korean War IDPFs or charge-out sheets ought to have been provided to Mr. Eakin. Should Mr. Eakin wish to acquire the files he believes are missing, he must first make full use of the DoD's internal appeal process or file a separate FOIA request for those documents specifically.

As this Court no longer has subject matter jurisdiction over the case, it must be dismissed. For the same reason, the parties' motions for partial summary judgment must also be dismissed.[4]

---

[4] Even if this Court did have jurisdiction over these motions, Mr. Eakin would still not prevail. His FOIA requests each asked for "all World War II era . . . IDPF's." Pl.'s Mot. at 4–5. As demonstrated by the statute creating the IDPF program, as well as the website and budget report cited by Mr. Eakin himself, World War II and the Korean War are two, unique conflicts. *See* 10 U.S.C. § 1509(a)(1) (defining separate dates for each war); *see also* Engel, *supra* note 3 (stating that the Korean War began three years after World War II); *see also* Fiscal Year 2013 Budget Estimates 4, ECF No. 141-2 (acknowledging that World War II IDPFs and Korean War IDPFs are separate). Additionally, as charge-out sheets are not in and of themselves IDPFs, they would not be responsive to Mr. Eakin's request for IDPFs only. *See* Def.'s Mot. at 12–13. Finally, as "an agency need not disclose records to a FOIA requester that it has reviewed in the process of conducting its search and determined to be non-responsive," the previous accidental disclosure of such documents has no bearing on whether the DoD is obligated to release them now. *Brown v. FBI*, 822 F. Supp. 2d 1, 6 (D.D.C. 2011) (Lamberth, J.).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion [142] to Dismiss in a separate order to issue this date. Additionally, Plaintiff's Motion [141] for Partial Summary Judgment and Defendant's Motion [142] for Summary Judgment will be denied as moot.

Date: August 22, 2024

Royce C. Lamberth
United States District Judge